IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Eugene Yoder,<br><br>    Petitioner,<br><br>vs.<br><br>Greg Fizer, et al.,<br><br>    Respondents. | No. CV 07-0864-PHX-SRB (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner Gary Eugene Yoder has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Pinal County Superior Court in December 2001, Petitioner was convicted of one count of burglary and three counts of aggravated assault with a deadly weapon. Doc. #61, Exh. B, C. On January 7, 2002, Petitioner was sentenced to 3.5 years in prison on the burglary count and 10.5 years on each of the aggravated assault counts. Doc. #61, Exh. C. The trial court ordered the three aggravated assault sentences to be served concurrent to each other but consecutive to the burglary sentence. Id.

Through counsel, Petitioner filed a Notice of Appeal on January 28, 2002. Doc. #61, Exh. D. Petitioner filed an Opening Brief in the Arizona Court of Appeals on February 27, 2003, in which he raised three claims regarding the sufficiency of the evidence to sustain the

1  convictions. Doc. #61, Exh. E. On May 27, 2004, the Court of Appeals denied the appeal
2  and affirmed Petitioner's convictions and sentences in a Memorandum Decision. Doc. #61,
3  Exh. F. Petitioner did not seek review in the Arizona Supreme Court.

4  Petitioner filed a Notice of Post-Conviction Relief on June 18, 2004. Doc. #61, Exh.
5  H. The trial court appointed counsel, through whom Petitioner filed a Petition for Post-
6  Conviction Relief on March 30, 2005. Doc. #61, Exh. J. The petition raised two claims: 1)
7  that the trial erred by ordering the aggravated assault sentences to run consecutively to the
8  burglary sentence; and 2) that Petitioner's trial counsel provided ineffective assistance for
9  failing to raise this issue. Id. The trial court denied the petition for post-conviction relief on
10  October 25, 2005. Doc. #61, Exh. K. Petitioner filed a *pro se* Petition for Review in the
11  Arizona Court of Appeals on or about November 4, 2005. Doc. #61, Exh. L. In a
12  Memorandum Decision, the Court of Appeals denied the petition on June 15, 2006. Doc.
13  #61, Exh. M.

14  On August 11, 2006, Petitioner filed a second Petition for Post-Conviction Relief.
15  Doc. #61, Exh. N. After Petitioner submitted the *pro se* petition, the trial court again
16  appointed counsel to represent Petitioner. Doc. #61, Exh. Q at 2. Petitioner's attorney
17  subsequently filed a Notice of Completion of Post-Conviction Review by Counsel stating
18  that he was unable to find any claims for relief to raise in a post-conviction proceeding. Doc.
19  #61, Exh. O. Consequently, the trial court reviewed the *pro se* petition for post-conviction
20  relief and denied relief in an order filed on May 7, 2007. Doc. #61, Exh. T. The court
21  determined that the issues raised were precluded pursuant to Rule 32.2 of the Arizona Rules
22  of Criminal Procedure because the issues either had already been raised or should have been
23  raised in the direct appeal or first post-conviction proceeding. Id. Petitioner sought review
24  in the Arizona Court of Appeals. On October 12, 2007, the Court of Appeals, in a
25  Memorandum Decision, denied relief after determining that the trial court was correct when
26  it denied relief summarily because the claims were precluded. The Court of Appeals docket
27  reflects that Petitioner then filed a petition for review to the Arizona Supreme Court on
28

December 3, 2007.[1]  A clerk at the Arizona Supreme Court informed this court that on March 24, 2008, the petition for review was denied.

The Court of Appeals docket further reflects that Petitioner filed two Special Actions in that court, one on February 12, 2007, and the second on May 11, 2007.  Doc. #61, Exh. V, W.  The court declined to accept jurisdiction in both cases.  Id.  In the first case, Petitioner also sought review in the Arizona Supreme Court which was denied on June 27, 2007.  Doc. #61, Exh. V.

Petitioner also filed a State Petition for Writ of Habeas Corpus on December 5, 2006.  Doc. #61, Exh. X.  The trial court denied the petition on April 24, 2007, finding that a state habeas petition is not the proper method to bring the claims asserted in the petition.  Doc. #61, Exh. Y.  There is also an order from the Arizona Supreme Court dated April 6, 2007, addressing a state habeas petition that Petitioner apparently filed directly in the Arizona Supreme Court.  Doc. #1, Exh. 2 at 16 (Exhibit 2 is the number applied by the Clerk of Court, not Petitioner's exhibit number.).  The order dismissed the petition.  Id.  The Arizona Court of Appeals - Division Two docket shows that Petitioner filed an appeal of the trial court's denial of his state habeas petition.  The docket, available on the Court of Appeals website under Case No. 2 CA-HC 2007-0002, shows that the Court of Appeals affirmed the trial court decision in a Memorandum Decision filed on March 20, 2008.  Petitioner has been given 30 days from April 9, 2008, to file a petition for review to the Arizona Supreme Court.

On April 25, 2007, Petitioner filed his habeas petition in this court.  Petitioner alleges four grounds for relief:

(1) "Violations of constitutional right to a fair day in court[,] clean hand doctrine, right [to] an unbiased court[,] the right that tainted evidence and testimony will not be used just to get a conviction[,] the right not to have unfair and biased perjured and unduly suggestive testimony and evidence used against the defendant.";

---

[1] The Memorandum Decision, filed after Respondents submitted their answer to the federal habeas petition, and the docket can be found at the Court of Appeals - Division Two website under Case No. 2 CA-CR 2007-0154-PR.

(2) "The Supreme Court of Arizona under direction of W. Scott Bales Deputy Justice summarily dismissed Defendant[']s case in violation of law of habeas corpus[.] Defendant-Petitioner presented even an en banc for the Supreme Court Justices to decide this matter and was rejected by the Supreme Court Clerk and Deputy Justice Bales.";

(3) "Petition/Brief presented (bias judge against Judge Johnson) in Supreme Court but as of date 4-21-07 no response."; and

(4) "The State of Arizona railroaded the defendant to prison to protect officers Fowler[,] Deem[,] Durkin[,] Riemann and Krindler because of [their] poor training [and] poor ability to act as police officers rather than vigilantes[.] The police tried to cover up an attempted murder."

Along with the petition, Petitioner filed approximately 300 pages of attachments. Additionally, Plaintiff filed two supplements that included more than 150 additional pages. Respondents filed an Answer to Petition for Writ of Habeas Corpus on September 13, 2007. Doc. #61.  Petitioner filed a reply on September 26, 2007, to which he attached an additional 95 pages of documents.  Doc. #65.

The Arizona Court of Appeals in its Memorandum Decision on direct review summarized the facts of this case as follows:

> Late one night in December 2000, Officers Durkin, Kridler, and Reimann responded to a burglar alarm sounding at a fraternal order lodge. When they arrived, they noticed that a side door had been pried open and was ajar. Moments later, one of the officers noticed Yoder, dressed in black, running away from the lodge. Reimann yelled, 'Stop, police,' twice, but Yoder did not respond. Durkin and Reimann pursued Yoder on foot through desert terrain while Kridler followed in a police vehicle. Using his flashlight, Durkin spotted Yoder lying prone on the ground trying to avoid detection.
>
> Durkin drew his gun and instructed Yoder to 'let me see your hands.' In response, Yoder also drew a gun. Durkin yelled, 'Drop the gun, drop the gun,' and said, 'Don't make us have to shoot you, there's three of us, you're surrounded.' In a 'semi-push-up position,' Yoder turned to look at Kridler, who had joined the group, and looked again at Durkin. According to Durkin, Yoder fired his gun, and Durkin was shot in the hip. According to Kridler, when Yoder turned around to look at him, Yoder pointed his gun at him, and Kridler shot at Yoder. Reimann also shot at Yoder, who fired back at both Reimann and Kridler. As he fired his gun, Kridler 'side stepp[ed]' to avoid shooting at Durkin. Moments later, Durkin fired one shot at Yoder, and the shooting stopped. Yoder sustained multiple gunshot wounds.

- 4 -

**DISCUSSION**

Respondents contend in their answer that Petitioner has procedurally defaulted on his four grounds for relief by failing to exhaust his state court remedies. Respondents further contend that the claims raised in grounds two and three are not cognizable claims in a federal habeas petition because they allege state law violations.

**A.     Cognizable Claims**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

**1.     Ground One**

Petitioner's claim in ground one fails to adequately allege that he is in custody in violation of the Constitution, laws or treaties of the United States. Petitioner refers to the "constitutional right to a fair day in court" but fails to identify a specific federal constitutional provision or law. Petitioner also refers to "the right that tainted evidence and testimony will not be used" to obtain a conviction and the right not to have unfair, biased and perjured testimony used against him. Petitioner fails to tie these purported rights to a specific federal constitutional provision or law.

Moreover, the paragraph of "supporting facts" that follow the claim in ground one do nothing to clarify the constitutional provision or law upon which Petitioner is basing his claim. He simply makes additional allegations such as the police lied, the judge was biased,

1 the victim witnesses were allowed to hear each other's testimony, and the jury was allowed
2 to see Petitioner place into Sheriff's Department cars after each day of trial. If Petitioner is
3 attempting to allege a violation of the Constitution or laws of the United States, it is not
4 discernable from the language in ground one. The court will not construe a federal claim
5 where one is not alleged.

### 2.  Ground Two

Petitioner's claim in ground two asks this court to examine a state law determination of a state law question. Petitioner alleges that the Arizona Supreme Court erred when it summarily dismissed his state habeas petition. Petitioner is apparently referring to an Order signed by Arizona Supreme Court Justice W. Scott Bales dismissing his Petition for Writ of Habeas Corpus because a petition for post-conviction relief and a habeas petition were already pending in the Superior Court. Doc. #1, Exh. 2 at 16 (Exhibit 2 is the number applied by the Clerk of Court, not Petitioner). Whether the Arizona Supreme Court should consider a state habeas petition when similar petitions are already pending in the state's lower courts is clearly a question of state law that this court will not review. Therefore, the court will recommend that the claim in ground two be denied.

### 3.  Ground Three

In ground three, Petitioner contends that the trial court judge provided the jury with erroneous jury instructions that made him guilty of assault regardless of the facts. Petitioner claims that this demonstrates the judge was biased against him. Whether the trial court provided the jury with the proper jury instructions for the state law offense of assault is a question of state law that this court will not review.

Petitioner makes additional allegations in the "supporting facts" section of ground three that the victim police officers testified untruthfully about the assaults. Petitioner, however, fails to allege that the witnesses' lies constitute a violation of the Constitution or federal law. The court will not construe a federal claim where Petitioner has not raised one.

Finally, at the end of the "supporting facts" section of ground three, Petitioner contends that he had a civil lawsuit against Apache Junction and its police department at the

1  time of his criminal trial. He claims that "this brought up in court criminal and civil matters
2  at the same proceeding," which, he contends, violates the 5th, 6th and 14th Amendments to the
3  Constitution. Petitioner fails to elaborate any further on how such a scenario establishes a
4  federal constitutional violation. Petitioner's bare bones allegation that bringing up civil and
5  criminal matters in the same proceeding violates the Constitution is not a valid federal claim.
6  For these reasons, the court will recommend that the claims in ground three be denied.

### 4. Ground Four

Petitioner contends in ground four that the State of Arizona "railroaded" him to prison to cover up for the police officer victims who were inadequately trained and prepared to handle the situation. Petitioner claims the officers acted as vigilantes and then tried to cover up their attempted murder of Plaintiff. In the "supporting facts" section of ground four, Petitioner complains that the trial judge refused to allow the jury to hear certain evidence and allowed evidence that put Petitioner in the worst possible light. Additionally, he claims that the judge denied a request for Petitioner to have a psychological evaluation and denied a defense request for relief under Rule 20 of the Arizona Rules of Criminal Procedure, which requires a judgment of acquittal if there is no substantial evidence to warrant a conviction. Nowhere in ground four does Petitioner allege a violation of the Constitution or federal law. Petitioner is therefore not eligible for habeas relief with respect to the claims in ground four. The court will therefore recommend that these claims be denied.

///
///
///
///
///

**B.     Conclusion**

Because Petitioner has failed to adequately allege that he is being held in violation of the Constitution or laws or treaties of the United States, the court will recommend that his habeas petition be denied and dismissed.

**IT IS RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 10th day of April, 2008.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge